IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
NO. 5:14-CV-810-BO

TOMMY LEE STEVENS,             )
                               )
    Plaintiff,                 )
                               )
v.                             )          O R D E R
                               )
UNKNOWN EMPLOYEES OF THE       )
NORTH CAROLINA DEPARTMENT OF   )
HEALTH AND HUMAN SERVICES, et al. )
                               )
    Defendants.                )

This matter is before the Court on plaintiff Tommy Lee Stevens's *pro se* application to proceed *in forma pauperis* and for frivolity review. [DE 1]. For the reasons stated below, the motion to proceed *in forma pauperis* is ALLOWED and this case is DISMISSED.

## DISCUSSION

Based on the information in the motion to proceed *in forma pauperis*, the Court finds that plaintiff has adequately demonstrated his inability to prepay the required court costs. His motion to proceed *in forma pauperis* is GRANTED and the Clerk is DIRECTED to file the complaint.

After allowing a party to proceed *in forma pauperis*, as here, the Court must conduct a frivolity review of the case pursuant to 28 U.S.C. § 1915(e)(2)(B). In such a review, the Court must determine whether the action is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from an immune defendant, and is thereby subject to dismissal. 28 U.S.C. § 1915(e)(2)(B); *see Cochran v. Morris*, 73 F.3d 1310, 1315–16 (4th Cir. 1996) (discussing *sua sponte* dismissal under predecessor statute, 28 U.S.C. 1915(d)). A case is frivolous if it "lacks an arguable basis in either law or fact." *Nietzke v. Williams*, 490 U.S. 319,

325 (1989). The Court is charged with liberally construing a pleading filed by a *pro se* litigant to allow for the development of a potentially meritorious claim. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972); *Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *Noble v. Barnett*, 24 F.3d 582, 587 n.6 (4th Cir. 1994). A plaintiff proceeding *in forma pauperis*, however, must "meet certain minimum standards of rationality and specificity." *Adams v. Rice*, 40 F.3d 72, 74 (4th Cir. 1994). Claims "describing fantastic or delusional scenarios," or are otherwise manifestly "fanciful" or so completely irrational as to lack any basis in fact should be dismissed as frivolous. *Denton v. Hernandez*, 504 U.S. 25, 32–33 (citing *Neitzke*, 490 U.S at 328).

Plaintiff alleges that his body is being used for a research project by the North Carolina Department of Health and Human Services with assistance from the North Carolina Office of the Attorney General in which they allegedly are implanting transmitters in plaintiff's body without his consent. [DE 1–1]. Plaintiff also alleges that defendants are, *inter alia*, "controlling plaintiff [sic] body functions (organs), resulting in loss of social life, and other malfunctions," and "altering plaintiff [sic] appearance, such as relaxing facial muscles . . . ." *Id*. Plaintiff's complaint raises delusional and fantastical claims, and is entirely devoid of factual support. Plaintiff's complaint is therefore appropriately DISMISSED without prejudice AS FRIVOLOUS.

## CONCLUSION

For the foregoing reasons, plaintiff's complaint is DISMISSED and the Clerk is directed to close the file.

SO ORDERED, this __5__ day of December, 2014.

Terrence W. Boyle
TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE

2